J-S68008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL CARTER, | |
| Appellant | No. 2446 EDA 2013 |

Appeal from the PCRA Order entered July 26, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1213321-1992

BEFORE:  ALLEN, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED NOVEMBER 07, 2014**

Daniel Carter ("Appellant") appeals from the order denying his second petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm the PCRA court's order denying post-conviction relief.

The pertinent facts are as follows:

> On July 3, 1992, at approximately 1:30 a.m., [Appellant] and one Jamal Jones arrived at the home of Daniel Witherspoon at 711 Mercy Street in Philadelphia. Appellant requested to speak with Shawn "Ali" Bain, who was Witherspoon's step-son and resided with him. Appellant asked Bain if he could borrow his twelve gauge sawed-off shotgun.  Bain agreed and retrieved the shotgun, loaded with three shells, from his bedroom. Appellant and [Jones] left with the shotgun and met one Wayne "Hawk" Witherspoon.  The three men proceeded to a playground, approximately one and one-half blocks from [Daniel] Witherspoon's house.  Once inside the playground, [Appellant] approached the victim, Darryl Chinn, who was sitting on a park bench facing the

basketball court. Appellant fired a single, fatal shot into Chinn's groin and pelvis from approximately two yards away.

***

On October 31, 1992, [Appellant] was arrested and charged with the murder of Darryl Chinn.

*Commonwealth v. Carter*, 661 A.2d 390, 391-92 (Pa. Super. 1995).

At the conclusion of a two-day bench trial, the trial court found Appellant guilty of first-degree murder, possession of an instrument of crime, and criminal conspiracy. Subsequently, the trial court sentenced Appellant to life in prison for his murder conviction, and a suspended sentence on the remaining convictions. Appellant filed a timely appeal to this Court. On June 6, 1995, a divided panel affirmed Appellant's judgment of sentence. *Carter*, *supra*. On April 9, 1996, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Carter*, 675 A.2d 1242 (Pa. 1996).

On July 7, 1997, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. The PCRA court held two days of evidentiary hearings. By opinion and order dated January 5, 1999, the PCRA court denied relief. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on March 7, 2000, we adopted the PCRA court's opinion as our own in affirming its denial of post-conviction relief. *Commonwealth v. Carter*, 757 A.2d 990 (Pa. Super. 2000) (unpublished memorandum). On July 5, 2000, our Supreme

Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Carter***, 785 A.2d 87 (Pa. 2000).

On September 21, 2010, Appellant filed a second PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. While acknowledging that his serial petition was untimely, Appellant asserted that he filed it within sixty days of obtaining the new evidence. The PCRA court summarized the claim within the amended petition as follows:

> In this Amended Petition, [Appellant] claimed that on July 20, 2010, a woman named Raynell Allen wrote [Appellant] a letter in which she informed him that her then-boyfriend [Jamal Jones], had confessed to her on the night of the shooting at issue in this case that he, and not [Appellant,] committed the murder of which [Appellant] was convicted. [Jamal Jones] passed away on December 22, 2005.

PCRA Court Opinion, 11/7/13, at 2 (footnote and citations omitted).

The PCRA court then explained the subsequent procedural history as follows:

> On November 16, 2012, Judge Temin ordered that an evidentiary hearing be held on [Appellant's] after-discovered evidence claim. Due to Judge Temin's retirement from the bench, this PCRA was then re-assigned to the [PCRA court]. On July 26, 2013, following an evidentiary hearing and supplemental pleadings by both parties, the Court entered an order dismissing [Appellant's] PCRA petition. [PCRA counsel] subsequently withdrew from representation, and [Appellant] requested permission to proceed *pro se*. The PCRA court held a ***Grazier*** hearing and permitted [Appellant] to represent himself.

- 3 -

PCRA Court Opinion, 11/7/13, at 2 (footnote omitted). This timely *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

> I. For the reasons given, [d]id the [PCRA court] err in holding that the proffered testimony of [Ms.] Allen did not constitute legally sufficient after-discovered evidence?
>
> II. Did the [PCRA court] err in denying [Appellant's] claim of ineffective assistance of [PCRA] counsel, given counsel's complete and utter failure to investigate and provide the testimonial evidence for several relevant witnesses?
>
> III. Do the interests of justice require a remand for the purpose of taking the respective testimonies of [prior counsel] and Wayne Witherspoon?

Appellant's Brief at 4.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, "[a] second or any subsequent post-conviction request for relief will not be entertained unless a strong *prime facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Burkhardt**, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prime facie* showing if he

demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Id. See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

As noted above, Appellant acknowledges that his serial PCRA petition is untimely, but asserts that he timely filed the petition once he obtained new evidence. When considering a PCRA petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim was predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

A petitioner is eligible for relief under the PCRA if he can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the test to be applied to such a claim as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the appellant must show by a

preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." **Id.** Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." **Id.**

In rejecting Appellant's claim, the PCRA court explained:

> Here, the Court concluded that the "after-discovered evidence" presented by [Appellant] at the PCRA evidentiary hearing clearly would not result in a different verdict if a new trial were granted. This conclusion was premised upon two findings.
>
> First, the proffered after-discovered evidence was utterly and completely incredible, and therefore, was not likely to have any effect on the outcome of the trial. [Appellant's] after-discovered evidence consisted solely of the testimony of Raynell Allen. According to Ms. Allen's testimony at the evidentiary hearing, she has known [Appellant] for twenty years. Ms. Allen testified that, years after the murder of [the victim], she ran into [Appellant's] daughter, who informed Ms. Allen that [Appellant] was in prison for murder. Ms. Allen testified that thereafter, she wrote [Appellant] a letter in which she informed [Appellant] that she knew that he did not kill [the victim]. Ms. Allen testified that on the night that [the victim] was murdered, she was in her home at 607 Mercy Street, across the street from the playground in which the murder occurred, when she heard a gunshot. Ms. Allen testified that shortly after she heard the shot, her boyfriend, [Jones], entered her apartment and asked her to go and look in the playground because he had shot someone. According to Ms. Allen, Mr. [Jones] wanted her to go outside to the playground and check to see if the man was dead. Ms. Allen stated that she went into the playground and saw a man lying under a bench and blood on the ground. Ms. Allen testified that, following the

incident, she never asked Mr. [Jones] about what happened, and he never told her anything else about the shooting. Ms. Allen testified that she was afraid to come forward with this information, and that after that night, she never spoke to anyone about what had happened, and that she never gave an interview to the police.

The PCRA court found Ms. Allen's testimony to be incredible for several reasons. First, Ms. Allen did not come forward with this information until more than 18 years after the murder, and more than six years after Mr. [Jones] had passed away and therefore could no longer be prosecuted for the crime. Moreover, at the evidentiary hearing, Ms. Allen testified that she had never spoken to the police or given a statement regarding the murder. However, the evidence at the hearing established that, contrary to this testimony, Ms. Allen had given to the police a signed statement on the day of [the victim's] murder in which she told the police a completely different story than the story she told at the evidentiary hearing. In particular, Ms. Allen told the police that she was walking to a swimming pool to see a friend named Ramy when she happened upon [the victim], who was moaning and bleeding heavily. Nowhere in her statement to the police, given on the very day of the killing, did she ever mention Mr. [Jones,] or even hint at the sequence of events that she described at the evidentiary hearing approximately 21 years later. The Court found her testimony to be demonstratively unbelievable and incapable of influencing the decision of a reasonable factfinder.

Second, Ms. Allen's testimony, even if true, would not have established that [Appellant] was not guilty of conspiracy and first-degree murder. As described above, the evidence at the trial established that [Appellant], together with Mr. [Jones], secured the shotgun that was used to murder [the victim], and that both [Appellant] and Mr. [Jones], along with Mr. Witherspoon, confronted [the victim] in the playground. Therefore, even if, as [Appellant] now claims, Mr. [Jones] pulled the trigger and shot [the victim,] [Appellant] would still be guilty of first-degree murder as either a co-conspirator or accomplice of the shooter.

PCRA Court Opinion, 11/7/13, at 7-9 (footnote and citations omitted).

Our review of the record supports the PCRA court's conclusion that Appellant has failed to meet the burden necessary to obtain post-conviction relief on an after-discovered evidence claim. *See e.g.*, *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 104-05 (Pa. 1998) (rejecting the petitioner's claims that the proposed testimony of newly discovered witnesses established a basis for the grant of a new trial).

Appellant's remaining claims involve his assertion that PCRA counsel was ineffective in his presentation of Appellant's "after-discovered" evidence claim. *See* Appellant's Brief at 38-39. Unfortunately for Appellant, and as recognized by the PCRA court, Appellant inappropriately has raised this claim for the first time on appeal. *See Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012) (noting that a majority of the Pennsylvania Supreme Court agrees that issues of PCRA counsel ineffectiveness must be raised in a serial PCRA petition or in response to a Pa.R.Crim.P. 907 notice of dismissal before the PCRA court). Appellant has therefore failed to preserve his remaining claims.

In sum, the record supports the PCRA court's conclusion that Appellant failed to establish his claim of after-discovered evidence, and his claims of ineffectiveness of PCRA counsel are not preserved. We thus affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/7/2014</u>